**LAVATA'I GATIA,**
Plaintiff

v.

**FUIMAONO TU'INANAU,**
Defendant

No. 3099-1975

High Court of American Samoa

Civil Jurisdiction, Trial Division

June 11, 1975

---

In an equitable action for specific performance of an oral agreement relating to real property, defendant denied generally and affirmatively. The latter defense is noted first.

Defendant asserts the agreement to be unenforceable in that (1) it was not written, (2) the survey was illegal and (3) the registration was illegal. The following is pertinent:

██ American Samoa has not provided a Statute of Frauds in its code. Were it otherwise, the facts of this case would provide an exception, namely, full performance on one side in reliance on the agreement, resulting in detriment to the promisee. The survey was performed without consent of the defendant; however, as plaintiff concedes that its validity entirely depends upon the decision of the Court, the problem is moot. Likewise, the registration is abortive. However, the defendant is not prejudiced for the reason that plaintiff seeks relief in this Court which will render the alleged invalidity moot.

There remains the general denial. For years the family of plaintiff had with the knowledge of defendant and under claim of ownership, utilized and developed the land in question. Defendant acknowledged the construction and existence of a stone fence proceeding along most of the northerly confines of subject property where plaintiff caused his survey to be made. The remaining lines of said survey consist of lines created by defendant. In addition, an animal sty and certain farm outbuildings were maintained by plaintiff on said property. Despite some conflicting

evidence, the clear preponderance of evidence supports plaintiff's continuous usage of said property.

During a time when plaintiff was off-island, defendant commenced litigation to register a parcel of land referred herein as the "45 acre parcel", which parcel included the land now claimed by plaintiff. When plaintiff returned the litigation was at the trial stage, and during the court inspection of the 45 acre parcel, plaintiff remonstrated to defendant. Testimony is habitually conflicting in these matters, but its preponderance supports plaintiff's contention that an agreement was reached whereby plaintiff would not object and hamper defendant's litigation in return for defendant's promise that if he won the case he would return plaintiff's portion of the land to him. Defendant won that litigation. Defendant conceded that he promised to "settle our differences", and upon questioning by the Court acknowledged that the differences consisted of disagreement in the location of the easterly most northeast corner of the disputed description. The corner as set by plaintiff coincides with the lines following and prolongation of the stone fence. Defendant now claims that said point should coincide with the point created by himself as the easterly most southeast corner of the 45 acre parcel. In such event, there could be no differences he promised to adjust. Defendant's Exhibit III, shows the disputed area contained in a survey utilized by himself in prior litigation.

█ From the foregoing, it is clear that plaintiff did forego objecting in defendant's litigation in re the 45 acre parcel, that plaintiff thereupon suffered detriment to himself in reliance upon the oral agreement to restore his land, and is entitled to relief, unless other considerations forbid.

█ Is the agreement definite enough to be enforced? *Yes.* The southerly, easterly and southwesterly lines were set by defendant. The northwesterly, northerly and north-

easterly lines follow the confines as established by the evidence and exhibits. The terms of the agreement are clear.

■ Is plaintiff barred by lack of "clean hands"? *No.* An agreement to forbear prosecution of a Civil claim is valid consideration. Plaintiff gave no legal evidence in any trial which would or could defraud a third person. The only prejudice was to himself.

The Court concludes that plaintiff is entitled to a decree of specific performance of said oral agreement; further that defendant shall be ordered to convey to plaintiff by good and sufficient deed the property within ten days after plaintiff shall deposit same in the office of the Attorney for defendant. In the event defendant shall fail and/or refuse to comply with the terms of this order, the Court reserves jurisdiction on ex parte application of plaintiff to appoint a commissioner to execute said deed. Plaintiff is entitled to recover his costs as provided by law.

The Court notes that plaintiff's Exhibit 1, the description contained in the complaint, the description proposed and filed as part of the complaint, and defendant's Exhibit 1 are all different.

It is ordered that, before the Court renders final judgment, and within 30 days of this date, plaintiff, at his own expense, shall have prepared by a Licensed Surveyor a legal description which shall be based upon the outline contained on Defendant's Exhibit No. 1, and shown to be the same property as attempted to be shown on Plaintiff's Exhibit No. 1.

Plaintiff is then directed to prepare judgment in accordance with the views expressed herein.